## Sorgen v. Keller

*Charles L. Knight,* for petition.
*Allan W. Lugg,* for respondent.

BROWN, *P.J.,* April 4, 1991—Petitioner Thomas E. Pagnotto was involved in an automobile accident on October 5, 1989 which involved Fred W. Sorgen, deceased. Mr. Sorgen died on December 16, 1989. Respondent Lillian Keller was a distributee as well as the executor of Mr. Sorgen's estate. Respondent Keith Keller was a distributee of the Fred W. Sorgen estate.

The executor was granted letters testamentary on the estate on December 20, 1989. Her first complete advertisement of the grant of letters was on December 27, 1989. Subsequently she filed a first and final account and statement of proposed distribution which was confirmed on July 9, 1990.

Thereafter by letter dated July 11, 1990 which was received on July 13, 1990, petitioner made a claim upon the executor arising out of the accident previously mentioned. The distribution approved by the

court awarded assets to Lillian Keller in the amount of $9,619.63 together with a similar sum to respondent Keith Allen Keller.

Petitioner's claim arising out of the automobile accident is predicated upon decedent's alleged negligence for physical injuries resulting in lost wages, medical expenses, physical pain and suffering, mental anguish and humiliation. Decedent's automobile insurance carrier was Prudential Property and Casualty Insurance Company. Petitioner has alleged that to the best of his knowledge the liability coverage for decedent is $15,000 and that petitioner's claim is for $30,000. As a result of the claim exceeding the alleged liability coverage he alleges that he is entitled to proceed for any deficiency against Mr. Sorgen's estate. He further alleges that a writ of summons in trespass was filed against the estate contemporaneously with filing his petition which is time-stamped December 27, 1990.

The relief requested by petitioner is that the personal representative be ordered to retain any undistributed assets to pay into court sufficient assets to pay petitioner's claim if and when it becomes absolute and also to order respondents both to pay into court sufficient assets received from the estate of Fred W. Sorgen to pay the claim again if it becomes absolute.

Respondents have filed a motion to dismiss the petition on the basis that on its face it does not state an appropriate basis for a claim for relief because the petition alleges that notice was not given to the executor until after confirmation of the account.

In response, petitioner argues that it is within the equitable powers of the court to require the distributees of the estate to repay that distribution into the court. Petitioner relies upon 20 Pa.C.S. §3388(3), which provides ''upon satisfactory proof or admis-

sion of a claim which may or may not become due at a future time, the court may provide payment by . . . [m]aking such other provisions for the disposition or satisfaction of the claim as shall be equitable.''

The court finds petitioner is not entitled to relief under section 3388 because petitioner has failed to allege ''satisfactory proof or admission of a claim.'' On its face, the petition indicates that notice of the claim was not made until after confirmation of the account. The court is persuaded by *In re Cass Estate,* 22 Erie L.J. 276 (1941). In *In re Cass Estate,* the Orphans' Court of Erie County refused to revoke an order of distribution when no written notice of the petitioner's claim was given to either the executor of the estate or his attorney prior to the confirmation of the distribution. The court made this finding notwithstanding evidence indicating that the petitioner had not received actual notice of the audit and a notice of the claim had been sent to the decedent or members of his family. The court found the creditor's want of actual notice immaterial because proper statutory notice had been given. Further the court found that sending notice of the claim to the decedent or members of his family does not satisfy the requirement of providing written notice to the executor prior to the filing and confirmation of the account.

The court finds petitioner's authority distinguishable. In *Miller v. Hawkins,* 416 Pa. 180, 205 A.2d 429 (1964), the Supreme Court directed the distributees of the estate in issue to return all assets distributed to the court to await the final disposition of appellants' claims against the estate. The Supreme Court found that the lower court erred in finding that neither the personal representative of the deceased executor of the estate nor his attorney had notice of

appellants' claims. The Supreme Court found that the executor of the estate in issue was not only aware of appellants' claims, but had, by stipulation, become a party in the underlying lawsuits as the personal representative of decedent's estate. The Supreme Court concluded that "[t]he fact of substitution by stipulation of Mrs. Hawkins' personal representative in the pending litigation of these claims in itself constituted an acknowledgment of notice of the pendency of the two claims." *Id.* at 198, 205 A.2d at 438. The Supreme Court concluded that the distribution of the estate was intended to defeat appellants' claims against the estate. Clearly, these facts are distinguishable from the case at hand. At the time of the distribution, no claim had been filed pertaining to the instant petition. Thus, it cannot be argued that the executor herein had notice resulting from such a suit.

Likewise, *In re Zimmerman Estate (No. 2)*, 32 D.&C. 2d 391 (1963), is distinguishable because claimant therein filed proper and timely exceptions to the account. The Orphans' Court of Northumberland County exercised its powers in equity to suspend distribution of the estate for "a reasonable period of time to enable claimants to present their claim before a court of competent jurisdiction." *Id.* at 394. The court directed that distribution occur if claimant failed to institute an action at law within a period of 30 days.

## ORDER

And now, April 4, 1991, based upon the foregoing opinion, it is hereby ordered that the petition to order retention of sufficient assets to pay tort claim be dismissed and the requested relief denied.